### Smith v. Thom, et al.

(Decided May 1, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Wills—Construction of.—Under a devise to A for life with remainder to her descendants, where A died leaving two sons, one of whom had three infant children, the sons take the remainder in fee simple, as the descendants take under the will as they would take under the statute of descent.

R. W. HUNN for appellant.

E. L. McDONALD and WM. BROWN PAYNTER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Catherine G. Thom, nee Reynolds, was an infant at the time her father, William B. Reynolds, made his will,

and remained so until after his death. After his death she married and had two children, J. Pembroke Thom and H. P. Mayo Thom, both of whom married during the lifetime of their mother. J. Pembroke Thom has no children, but H. P. Mayo Thom has three children, all born in the lifetime of their grandmother, Catherine G. Thom, who died in the year 1907, being survived by her two sons and three grandchildren. Her two sons sold to William Smith a store on Fourth Street, and he being in doubt as to their title to the property, this litigation followed. The circuit court upheld their title requiring Smith to accept the deed which they tendered him. He appeals.

The controversy turns upon the construction of the will of William B. Reynolds. The first clause of the will directs the testator's debts to be paid; the second and third clauses provide for certain pecuniary legacies; the fourth, fifth and sixth clauses are in these words:

"Fourth. I devise my three stores on Main Street at and near the corner of 6th Street, my house and lot on Broadway at the corner of 2nd Street, and all my bank, railroad and other stocks to my son, J. W. Hunt Reynolds—the rents and dividends are to be collected by my executor and so much thereof as may be sufficient for a liberal support and education for my son are to be appropriated in that way until he becomes of age, and the residue if any reinvested for his benefit.

"Fifth. I devise my five stores on Fourth Street, sometimes called Wall Street, to my daughter Catherine G. Reynolds for her life for her sole and separate use for her life with remainder to her descendants—they are to be rented out by my executor as is provided as to the devises to my son, and the rents and the income from all the residue of my estate is to be appropriated to furnishing her a liberal support until she arrives at the age of twenty-one, and I devise to her all the rest and residue of my estate, real and personal and mixed, of every description for her sole and separate use.

"Sixth. My property and all my interest in same situated west of 12th street I direct my executor to sell and the proceeds to be paid to my daughter when she attains full age."

This is the whole of the will excepting the clause appointing the executor. The property in contest is one of the five stores referred to in the fifth clause. It is insisted for Smith that the three grandchildren took

jointly with the two sons under the words "with remainder to her descendants." The circuit court held that the two sons at the death of their mother took the entire estate. The will was made July 9, 1860. The son and daughter were then both infants. No limitation was placed upon the devise to the son after he became of age; but the property devised to the daughter was devised for her sole and separate use, the purpose being to create in her a separate estate and protect the property from any husband she might have. The five stores were devised to her "for her life for her sole and separate use for her life with remainder to her descendants"; but the testator did not have in mind in using the word "descendants" to create a perpetuity or to make an unequal distribution of the remainder. Under Smith's contention H. R. Mayo Thom and his three infant children take four-fifths of the remainder and his brother, J. Pembroke Thom, only one-fifth. This is not what the testator intended; he intended the remainder to go to her descendants as it would pass under the law of descent. To give the will any other construction would be to defeat the testator's intention. The circuit court properly held the title of the two sons to be good. (40 Cyc. 1412).

There is no devise over. The testator's primary purpose was to provide for his daughter as long as she lived; but he had had no purpose to make a distinction between her unborn children, or to give one an advantage over another. He used the word "descendants" to indicate those who would take under the law of descent.

Judgment affirmed.