## Murphy, et al. v. Murphy.

(Decided January 15, 1919.)

Appeal from Lincoln Circuit Court.

1. Deeds—Intent—Construction.—In the construction of written instruments the intent of the maker, when apparent and not repugnant to any rule of law, will control technical terms, and in ascertaining such intent the court must view and compare the whole instrument with an endeavor to give every part of it meaning and effect.

2. Deeds—Contingent Interest—Defeasible Fee.—Where a grantor conveyed to his son an absolute fee, but provided that upon his death the land should descend to his children, and if none, to his brothers and sisters, or the children of any who might be dead. Held, that the future takers under the conditional limitation provided in the deed took a contingent interest, and if none of them were alive at the death of the son, the estate would become absolute in him, and he therefore took from the beginning a defeasible fee in the land in which his widow was entitled to dower at his death, although there were persons *in esse* at the time capable of taking under the defeasance clause contained in the deed.

K. S. ALCORN and P. M. McROBERTS for appellants.

CHARLES E. STONE and NELSON D. RODES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, Elizabeth Murphy, who was a defendant below, is the widow of William H. Murphy, deceased, and the appellants (being five in number) are the children of the deceased, three of whom are adults and children by the first wife of W. H. Murphy, the appellee being his second wife, whom he married in 1901, and she is the mother of the two infant appellants.

This suit was brought by the stepchildren of the widow against her and her two infant children seeking a sale of a tract of land for the purpose of division among all five of the children free from any dower interest of the widow, which was resisted by the latter in so far as it was sought to deprive her of her dower interest. The trial court adjudged the widow to be entitled to dower and ordered the land sold for division, but directed that the widow be paid her portion out of the proceeds according to her expectancy, and to reverse that judgment the children of the deceased, W. H. Murphy, prosecute this appeal.

The decisive question in the case is—what estate did the deceased take in the land under the deed executed to him on June 26, 1872, by his father and mother, which is the only muniment of title he held to it? That deed, excluding description and signatures, reads:

"This indenture and deed of conveyance, made and entered into this 26th day of June, 1872, between John S. Murphy and Mary Murphy, of the first part, as grantors, Wm. H. Murphy as grantee, Witnesseth: that for and in consideration of the natural love and affection

which the grantors has for the grantee, has given by way of advancement, does by these presents convey unto the said Wm. H. Murphy the following tracts or parcels of land situated in Lincoln county, on the waters of Hanging Fork, being part of the farm bought by the grantor, J. S. Murphy, of the heirs of Allen Logan, dec'd, and from Mary A. Myers, bounded as follows, to-wit; (description) which is charged to the grantee by the grantors as an advancement to him of six thousand five hundred dollars ($6,500.00) the land being rated at fifty dollars per acre. To have and to hold said land to the grantee his heirs and assigns forever, subject to the following proviso, limitations and conditions, to-wit: should the grantee die without leaving heir of his body then the land to descend to his brothers and sisters or their children of such as may be dead, but should he leave children then the land shall descend to them the grantee may still sell said land reinvest the same in either real estate, when reinvested the title of the above shall be good in the purchaser. Given under our hands this the day and date above written."

It is contended by the children of his first wife that under the deed their father, W. H. Murphy, was conveyed only an estate for his natural life, and that at his death (which occurred in 1916) they became entitled to the land free from any dower interest in the widow, while she contends (a) that under the terms of the deed her husband took an absolute fee in the land, but that if she be mistaken as to this, then (b) he was by the terms of the deed conveyed a defeasible fee, and that in either event she would be entitled to dower. The latter was the view taken by the trial court, and the one upon which it rested the judgment appealed from.

Both sides concede the rule recognized by all authorities, and applied without exception by this court, that in construing written instruments, including deeds as well as wills, the intention of the maker shall be ascertained, if possible, and applied; and that in arriving at such intention all parts of the instrument must be looked to and considered. Some of the later cases from this court recognizing and applying the rule as just stated are Dinger v. Lucken, 143 Ky., 850; Wilson v. Moore, 146 Ky. 679; May v. Justice, 148 Ky. 696; Harkness v. Meade, *idem.* 565; Land v. Land, 172 Ky. 145; Spicer v. Spicer, 177 Ky. 400; Ratliffe v. Ratliffe, 182 Ky. 230, and authorities therein referred to.

In support of contention (a) made by the widow her
counsel insists. that the deceased husband was by the
granting clause, as well as the habendum clause of the
deed executed to him, given a fee simple estate in the
land, and under the doctrine announced in the cases of
Ray v. Spears, 23 Ky. Law Rep. 814; Humphrey v. Pot-
ter, 24 Ky. Law Rep. 1264; Hughes v. Hammond, 136
Ky. 694, and Land v. Land, *supra,* the attempted limita-
tion by the latter part of the habendum clause of the ab-
solute fee conveyed to the deceased was void and did not
affect his absolute estate. But this contention ignores a
very essential part of the rule under consideration, since
it would require us to hold in this case, after considering
all parts of the deed under consideration, that it was the
intention of the grantor to vest the grantee with an abso-
lute fee, as was done in the Speers, Potter, Hammond
and Land cases relied on. This we are unable to do, since
it would entirely ignore the qualifying provisions of the
habendum clause, "subject to the following proviso, lim-
itations and conditions, to-wit." Indeed the proviso,
limitations and conditions which follow are parts of the
habendum clause, it not being finished or completed with-
out them, and when a grantor says a thing in his deed
in plain and unambiguous language, it must be taken
that he meant just what he said, and under the rule,
*supra,* it would of necessity be the duty of the courts to
enforce his intent as so expressed. For the rule in the
Land case, and the others upon which it is rested, to
find application it must first be determined, as was done
in those cases, that the maker of the instrument intended
to give to the first taker an absolute fee, and unless that
determination is reached the cases have no application.
Much of the confusion found in the cases no doubt arose
from a misapplication of the rule of the common law that
a future interest in remainder could not be limited after
a fee. Since the enactment of the Statute of Uses it has
been thoroughly established that a limitation after a fee
might be made in a deed through the operation of a condi-
tional limitation, which in a will is denominated an exec-
utory devise. Thus in Tiedman on Real Property, section
298, it is said: "Estates are sometimes created to take
effect after, or in derogation of the preceding estate in
fee, but they are not common law remainders. At com-
mon law such estates are impossible; they are called con-
ditional limitations, and operate under the Statute of

Uses as a shifting use, or under the Statute of Wills as an executory devise." See also 2 Washburn on Real Property, 544, 545. Again, in the work quoted from above, in section 211, the author on this point says: "The only common law future estate, which can be created by the same deed with a prior limitation, is a remainder, and as a remainder can not be limited, which takes effect in derogation of the preceding estate, conditional limitations are not recognized by the common law. They can only be created as a shifting use, or an executory devise."

Such limitations in derogation of the preceding estate, operating not as remainders but as an executory devise, was recognized by this court in the case of Hart v. Thompson's Admr., &c., 3 B. Monroe 482, which is referred to with approval in the case of Sale v. Crutchfield, 8 Bush, 636.

In the case of Jacoby v. Nichols, 23 Ky. Law Rep. 205, referred to and relied on by appellants, the instrument creating the future estate was a deed, and a similar limitation to the one now being considered was upheld, which, as we have seen, is a conditional limitation. Numerous other decisions from this court recognize the same doctrine in the construction of deeds, although the words "conditional limitation" may not appear in the opinions. One of the leading cases not hereinbefore referred to requiring that the meaning and intention of the maker of the instrument shall prevail even over technical rules of construction is that of Atkins v. Baker, 112 Ky., 877, and in which this court had before it the construction of a deed which conveyed to the first taker both by the granting and habendum clauses an absolute fee. Following the attesting clause, which contained the date of the instrument, there was added a defeasance clause in which the estate of the first taker was limited to a life estate, and that clause was upheld and enforced, the court in the course of the opinion saying: "The technical rules of construction are not to be resorted to when the meaning of the party is plain and obvious." Further on, quoting from an opinion by Kent, C. J., in the case of Jackson v. Myers, 3 Johns, 383, it is said:

"The intent, when apparent, and not repugnant to any rule of law, will control technical terms; for the intent, and not the words, is the essence of every agreement. In the exposition of deeds the construction must be upon the view and comparison of the whole instrument, and

with an endeavor to give every part of it meaning and effect.''

Applying these thoroughly established rules, we can not escape the conclusion that the grantor in the deed now being considered intended to create in his son, William H. Murphy, more than a life estate. Indeed, it would have been, to say the least of it, unusual if not unnatural to charge him with the value of the land as an advancement when he was being conveyed only a life interest. The language employed plainly and unequivocally conveys to the son a fee simple title, subject to be defeated upon what may be termed a double contingency; that is, that he should die without children and without brothers and sisters or any children of those who might be dead at that time. The evident purpose of the grantor was to provide that as long as there were *in esse* direct descendants of his such descendants should take the land upon the death of his son, W. H. Murphy. But if there should be no such descendants and none *in esse* at the happening of the contingency, the fee simple title conveyed to his son should become absolute. Stating it in another way, the fee simple title conveyed to the son would cease to be such upon his death, providing there were persons *in esse* of either class upon whom the conditional limitation could operate. With this view of the case, and under the rule of the case of Jacoby v. Nichols, *supra,* and others which might be referred to, it is evident that W. H. Murphy was not vested with an absolute fee, but it is equally certain that he was vested with a defeasible fee, for such a fee is one that, according to the terms of the instrument creating the estate, it is possible for it to be defeated at some future time. Sales v. Crutchfield, *supra;* Rice v. Rice, 133 Ky. 406; Louisville Trust Co., &c. v. Erdman, 22 Ky. Law Rep., 729; Forsythe v. Lansing, 109 Ky. 518; Landers v. Landers, 151 Ky. 206, 16 Cyc. 602-3, and 10 R. C. L. 652-3.

The interests provided for each of the two classes of future takers (the children of W. H. Murphy and his brothers and sisters or their surviving children) created by the conditional limitation in the deed, are necessarily contingent interests, since although the event upon which they should take is certain to happen, it is necessarily uncertain as to whether any member of either class would be alive at that time, and if not the future defeating estate attempted to be created in derogation of the fee

first granted to W. H. Murphy would fail for want of a grantee in whom it might vest.

In the two cases of Rice v. Rice and Landers v. Landers, *supra,* this court, following the rule of the common law, held that a widow was entitled to dower in land held by her husband under a defeasible fee, and quoting from Gannon v. Peterson, 55 L. R. A. 701, said:

"The authorities are uniform as to the definition, duration and extent of a base or determinable fee. They are agreed that it is a fee simple estate; not absolute, but qualified. Upon the death of the donee, his widow has dower, although the contingency may have happened that defeats the estate, and that within the general acceptation and meaning of the term the person seized of such an estate is not chargeable with waste."

So, although at the death of W. H. Murphy there were persons in existence who by the terms of the deed under which he held the land would take under the conditional limitations therein imposed, still the rights of his widow are to be determined by the character of the estate which he took at the time he accepted the conveyance.

We do not regard the views herein expressed as being in conflict with the case of Wills v. Wills, 85 Ky. 495, relied on by appellants, since the court there had under consideration the construction of a will, which of course takes effect only upon the death of the testator, while the deed in this case took effect from the date of its delivery. In the Wills case the question for determination was whether the death of the devisee without children was referable to any time when it should happen, or to a time before the death of the testator, and it was held that it referred to the death of the devisee before that of the testator, which eliminated that provision from the will at the time of its taking effect (the death of the testator) as applicable to surviving devisee and left the will as though it had not been inserted.

We therefore conclude that the trial court properly determined the rights of the parties, and its judgment is affirmed.