## Preston v. Wells.

(Decided March 12, 1920.)

### Appeal from Johnson Circuit Court.

1. Deeds—Construction of.—In the construction of deeds the intention of the grantor, if it plainly appears from an inspection of the whole instrument, will overcome a contradictory or conflicting stipulation or condition and control absolutely the construction.

2. Deeds—Construction of.—Although the granting clause of the deed, as well as the habendum, contained words that vested a fee in the grantee the body of the deed clearly showed that the grantee should only have a life estate, and the body of the deed controlled the character of the estate conveyed.

Z. WELLS for appellant.

J. K. WELLS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

In August, 1891, William Preston, Sr., and his wife, Susan Preston, as parties of the first part, conveyed to

Sandford Preston, party of the second part, a tract of land in Johnson county.

In the granting clause of the deed it appears that the purchase price was $800.00, and that in consideration of this sum "the party of the first part . . . do hereby sell and convey to the party of the second part, his heirs and assigns, the following described property, to-wit."

Following the description of the property this appears: "The said Sandford Preston has only a life interest in said land, but he may sell and convey the mineral under said land as he pleases, the remainder of the interest in said land shall go to the heirs of Sandford Preston at his death, and be theirs so long as they live, and then to their heirs after them, but if said Sandford Preston should have no legal heirs of the body living at his death, then and in that event said land shall revert back to my children equal. There is reserved a road through the gates out from the land lying above Sandford Preston's to the public road below said gates to be kept up by both parties or owners of the land.

"To have and to hold the same together with all the appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever. And the said party of the first part hereby covenants with the party of the second part that they will warrant the title to the property hereby conveyed unto said party of the second part, and his heirs and assigns forever."

After this deed had been put to record one of the children of Sandford Preston, executed to the appellee Wells, a deed conveying to him an undivided interest in this tract of land, subject to the life estate of the appellant, Sandford Preston.

Subsequent to the conveyance, Sandford Preston brought this suit against Wells, asserting that he (Preston) was the owner in fee of the tract of land, and that his daughter, who sold and conveyed to Wells, had no title or interest in the land, that she could convey. He prayed for a construction of the deed and that his title to the land be quieted. The lower court dismissed his petition and he appeals.

It will be seen from what has been said that the only question in the case is, did Sandford Preston, under the deed from William Preston take a fee or only a life estate in the land? Sandford Preston insists that he

took the fee, while Wells contends that he only had a life estate, and that his daughter had, a remainder interest, which she had the right to and did convey to him.

It will be observed that in the granting part of the deed the conveyance is to 'the grantee, Sandford Preston, "his heirs and assigns" and that in the habendum it is reiterated that the conveyance is to Sandford Preston, "his heirs and assigns forever."

In the body of the deed, however, it is expressly stipulated that, "The said Sandford Preston has only a life interest in said land, . . . the remainder interest in said land shall go to the heirs of Sandford Preston at his death." As further emphasizing the fact that Sandford Preston, had only a life estate, it is provided that, "If said Sandford Preston should have no legal heirs of the body living at the time of his death, then in that event said land shall revert back to my children equal."

That there is a direct and unmistakable conflict in the provisions of the deed is not open to doubt, as the granting clause as well as the habendum, conveys the fee to Sandford Preston, while the body of the deed only gives him a life estate.

There is some apparent if not real conflict in the opinions of this court construing deeds containing conflicting provisions like those in this deed, and we shall not undertake in this opinion to attempt to reconcile the cases on the subject. In some of them the distinctions made were put upon the peculiar phraseology of the instrument, while in others they were rested on the location in the paper of the contradictory provisions.

We may however lay it down as in harmony with the decided weight of the cases that, in the construction of deeds, the intention of the grantor, if it plainly appears from an inspection of the whole instrument, will overcome contradictory or conflicting stipulations or conditions and control absolutely the construction. This modern and just rule has superseded the ancient one that certain parts of a deed should be given controlling weight and the intention be subordinated to technical forms.

Out of a great number of cases we select the following as illustrative: Ratcliffe v. Ratcliffe, 182 Ky. 230; Wilson v. Moore, 146 Ky. 679; Dinger v. Lucken, 143 Ky. 850; Hamilton v. Sidwell, 131 Ky. 428; Lawson v. Todd, 129 Ky. 133; Land v. Land, 172 Ky. 145.

As emphasizing the correctness and soundness of the rule that gives dominant influence to the intention of the grantor, we must take notice of the well known fact, that great numbers of deeds are prepared in the country, dictated by persons and written by draftsmen who are unacquainted with legal phraseology and the effect of technical words. They do not understand or give any attention to forms of expression, or appreciate the necessity of adding to sentences or clauses such words as would qualify their meaning or work a harmonious whole.

The grantor and the draftsman know what the grantor wants to do and are not particular as to what part of the deed expresses the intention.

We must also take notice of the fact that blank forms of deeds, containing certain printed matter usually found in deeds, especially in the granting and habendum clauses, are used in great abundance throughout the state, and almost invariably so by county clerks, notaries public and other persons who are in the habit of writing the deeds in the neighborhood in which they live. In these forms, which contain granting and habendum clauses, such as appear in this deed, blank spaces are left for the names of the parties, description of property and the consideration, and it is only these that the draftsmen need insert. That this deed is one of these printed forms we have no doubt; all that the draftsman wrote was the names of the parties, the consideration, the description, and the clause limiting the estate of Sandford Preston to a life interest and the other conditions therein contained.

In connection with these observations concerning the conditions under which so many deeds are written it should be said that they have not controlled us in the conclusion arrived at because the rule of construction we have declared will obtain without regard to the circumstances surrounding the execution of the deed.

Keeping in mind that the intention of the grantor must control, there is no escape from the conclusion that the grantor only meant to convey to Sandford Preston a life estate. To give this paper any other construction would of necessity compel us to take out of the deed the clause in question and oblige us to say in direct opposition to the plainly expressed purpose of the grantor, that Sandford Preston took the fee.

We are asked to determine the interest the heirs or children of Sandford Preston took, but this we must decline to do, because the children of Sandford Preston are not parties to this record or appeal.

Wherefore the judgment of the lower court, holding that Sandford Preston had a life estate and not the fee in the land, is affirmed.