### Grainger, et al. v. Edwards.

(Decided February 8, 1921.)

## Appeal from Warren Circuit Court.

Deeds—Construction—Intention of Grantor.—Where the granting clause of a deed and the habendum are in irreconcilable conflict and there is nothing in the instrument from which the real intention of the grantor may be gathered, the granting clause will prevail.

HERMAN & ROPER for appellants.

SIMS, RODES & SIMS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

A colored man named Edwards made a deed to his wife, Alice, in 1905 for a house and lot in Bowling Green, Ky., the granting clause of which reads as follows:

"That for and in consideration of the love and affection which the party of the first part has for his wife,

the party of the second part, the said party of the first part has sold and hereby aliens, transfers and conveys unto the said party of the second part, during her life.''

A description of the property follows, at the conclusion of which is the habendum clause, reading:

''To have and to hold the same with all the appurtenances thereunto belonging unto said party of the second part, her heirs and assigns forever with covenant of general warranty. In testimony whereof, the party of the first part has hereunto signed his name the day and date above written.''

This deed was duly signed and acknowledged by Edwards, and lodged for record and recorded in the proper office in October, 1905. Edwards died intestate and childless, in February, 1919, leaving his wife, the gran-tee, surviving him. Soon after his death she commenced this action in the Warren circuit court against his brothers and sisters to have herself adjudged the owner of the fee-simple title, and not merely a life estate in and to the house and lot mentioned in the deed, and the defendants adjudged to have no interest whatever therein. With the petition she filed a copy of the deed and prayed a construction of it. The lower court adjudged her the owner in fee, and the heirs of Edwards appeal.

The question is, did Alice Edwards as grantee in the deed from which we copy above, take a fee or merely a life estate? The granting clause of the deed says to her ''during her life'' and there is nothing whatever in the deed which contradicts or explains this clause except the habendum, which says ''to her and her heirs and assigns forever with covenant of general warranty.''

The cardinal rule in the construction of deeds requires us to look to the whole instrument to find the intention of the parties thereto, and if the purpose can be ascertained from the instrument, it being paramount shall prevail, but where there is nothing in the instrument which indicates the intention or purpose of the parties or the estate to be conveyed, except the granting clause and the habendum, and they are in irreconcilable conflict, the granting clause will prevail over the habendum. In 18 C. J. page 33, it is said:

''All the language of a grant should be considered and effect given to it unless so repugnant and meaningless that it cannot be done, in which case the repugnant or meaningless portion may be rejected. So the habendum cannot stand with the premises where so repugnant

thereto as to be irreconcilable. The habendum may, however, be construed as explaining, qualifying, or limiting that which is stated in general terms in the premises. A remainder may be created in a grantee who is first mentioned in the habendum clause.'' Ratliffe v. Ratliffe, 182 Ky. 230; Ballard v. L. & N. R. R. Co. &c., 5 S. W. 484; Ratliffe v. Marrs, 87 Ky. 26; Hall v. Wright, 121 Ky. 16; Virginia Iron, Coal & Coke Co. v. Dye et al., 146 Ky. 519; Bodine v. Arthur, 91 Ky. 53; 34 A. S. R. 162; Jordan v. Neece, 31 A. S. R. 869; 17 R. C. L. 619.

In the case of Henderson v. Mack, 82 Ky. 381, we stated the rule in the following way:

''The office of the habendum clause in a deed is to limit and define the estate granted, and while, as a general rule, it must give way to the granting words of the deed, when clearly contradictory of them, yet it should certainly be resorted to equally with the balance of the instrument to arrive at the intention of the maker, which must govern, when ascertainable. When the intention does not appear, then the words of the grant should govern, if repugnant to the habendum of the deed; but if the intention is apparent, then it should govern. This rule, we believe, is consistent with reason and upheld by authority.''

A well considered case dealing with rules of construction applicable to deeds is Porter v. Wells, 187 Ky. 417, to the same effect.

Applying this well recognized rule to the deed under consideration we must hold that it conveyed a life estate only and not a fee. One may, as did Edwards in this case, convey a life estate in land of which he is the owner, and retain to himself the remainder in fee.

The words ''during her life'' as here employed must be held to mean just what they say, and vest the grantee with an estate during her life only. As the habendum clause is in the regular form generally found in printed deed blanks, the conflict between it and the granting clause may be attributed to the fact that the draftsman of the deed used such a printed blank form in the preparation of the instrument. Be that as it may we must resort to the established rules of construction of deeds, in the absence of other statements or clauses enabling the court to satisfactorily reach another conclusion by following the reasonable and just rule of construing such instruments according to the intention and purpose of

the parties as manifested by a reading of all its parts together.

Judgment reversed for proceedings consistent with this opinion.