## Kimbrell, et al. v. Parmer, et al.

(Decided April 18, 1924.)

### Appeal from Montgomery Circuit Court.

1. Deeds—Lawful Intention Given Effect.—A lawful intention appearing in a deed will be given effect, regardless of the place in the instrument where the language expressive of the intention may be found.

2. **Deeds—Conditional Limitation Held Valid—Title of First Taker Held Defeasible Fee.**—A clause, after the description in a deed, that the land should "revert and go back" to P. and his mother if first taker died without heirs, is valid under Ky. Stats., section 2344, and must be given effect, though deed otherwise gave an estate in fee; the title going to the first taker being a defeasible fee subject to be defeated upon the contingency of grantee's death without survival of heirs.

G. W. FLEENOR for appellants.

HAMPTON & FISHBACK for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On August 17, 1896, Andrew B. Hampton and wife conveyed to appellant and plaintiff below, Dora B. Kimbrell, who was then Dora B. Foreman, a tract of land in Montgomery county containing slightly more than 106 acres. In the caption of the deed plaintiff is mentioned as "party of the second part" and in the granting clause the conveyance is to her, "her heirs and assigns," as is also true in the habendum; but immediately following the description there is a limitation clause in these words: "This deed is made upon the following conditions that should the said Dora B. Foreman die without heirs then the said land is to revert and go back to Andrew Parmer and his mother Arminda Parmer her (plaintiff's) mother."

This equity action was filed by plaintiff and her husband against the defendants, the two Parmers, under the Declaratory Judgment Act to obtain a construction of the deed, and in her petition she averred that the quoted limiting clause was void and that under the deed, correctly construed, she took the absolute fee to the land conveyed. Defendants demurred to the petition, which the court sustained, and plaintiffs declining to plead further it was dismissed, to reverse which this appeal is prosecuted. In the court's opinion he construed the deed as conveying to plaintiff only a life estate in the land, but we do not understand from the record that such construction was made a part of the judgment, but only set forth the reason for the court's action in sustaining the demurrer.

Prior to the enactment in 1851 of section 2344 of the statutes, a *conditional limitation* in a deed, or an *executory devise* in a will, after the death of the first taker "without heirs," "without children," "without issue"

or words of similar import, was construed to mean an indefinite failure of such designated survivors, unless the instrument clearly indicated a contrary intention, and under the common law such an indefinite failure of issue was construed to create an estate tail, which our statute (section 2343), enacted in 1796, converted into a fee simple estate. To settle the question and to circumvent the construction converting such conditional limitations or executory devises into estates tail, which under the statute became fee simple estates, section 2344 was enacted. Harvey v. Bell, 118 Ky. 512. Since the enactment of that section (2344), it uniformly has been held by this court that the limitation over took effect at the death of the immediately preceding taker (vendee or devisee) *at any time* without being survived by any of the persons upon whose survival the fee became absolute. Walton v. Bohannon,, 150 Ky. 486; Duncan v. Duncan, 175 Ky. 253, and Murphy v. Murphy, 182 Ky. 731. So that the limiting clause under consideration, if otherwise valid, must be given the same effect; which brings us to the chief contention made on this appeal, *i. e.*, that the clause is invalid because it attempts to limit what in other parts of the deed is an absolute fee and which it is claimed may not be done.

In the Murphy case and in Dinger v. Lucken, 143 Ky. 850, and numerous others both preceding and following them, it was held that the first rule to be observed by the courts in the interpretation of deeds, wills and other writings is to ascertain from their entire contents the intention of the maker or makers and to construe the writing according to that intention, if not in contravention of some announced public policy or positive rule of law, which latter we do not interpret to mean or include rules of construction. At common law fee simple titles were so highly regarded that they were not permitted to be curtailed by a subsequent limiting clause, even though inserted and contained in the same instrument; and in denying them effect many courts, including this one at the beginning, discarded such limitations, although it was done at the expense of defeating the plainly expressed intention of the maker. In later years, however, this court has consistently followed the rule of administering the intention of the testator and has upheld such limitations the effect of which was to cut down and reduce the absolute fee conveyed in other parts of the in-

strument, which we think is the reasonable, just and proper rule to adopt. There is no statute or any established principle of public policy forbidding a grantor or testator to convey or devise his property under such permissible limitations as he pleases, and because, forsooth, he places the clause containing the limitation in one part of the instrument rather than in another, should not induce courts to ignore and decline to give effect to his plainly expressed intention. Hence, in the Murphy case we construed a deed almost in the exact terms of the one now under consideration and upheld the conditional limitation therein, notwithstanding there was a conveyance of the fee to the first taker in the same parts of the deed as is claimed was done in the instant one which conclusion was, of course, rested upon the ground that the entire deed upon its face manifested the intention on the part of the grantor that such interpretation should be given. The same effect was given to similar language contained in the deed involved in the Dinger case, *supra,* and it may now be considered as the settled rule in this court that a lawful intention appearing in such instruments will be given effect, regardless of the place in the instrument where the language expressive of the intention may be found.

In the Murphy case and in those of Daniel v. Thompson, 14 B. M. 533; Sale v. Crutchfield, 8 Bush 636, and Louisville Trust Co. v. Erdman, 22 Ky. L. R. 729, it was held that similar language to that involved here conveyed to the first taker a defeasible fee, subject to be defeated upon the contingency of his or her death without the survival of any of the persons named upon whose survival the fee became absolute. The court, therefore, was in error in his opinion when he held that plaintiff took only a life estate in the land conveyed because it is manifest under the cases referred to, and authorities cited in them, that she took a defeasible fee. However, the judgment was proper, since it denied the construction contended for by plaintiff, that she was conveyed by the deed an absolute fee simple title.

Wherefore, the judgment is affirmed.