### Helen Barrett and George W. Barrett v. E. B. Ray, Bernice Ray and Georgia D. Ray.

(Decided January 27, 1925.)

Appeal from Hart Circuit Court.

Deeds—Deed to R. and her "Bodily Heirs" Held to Create Estate Tail which Statute Converted into Fee Simple.—A deed to R., and R.'s "bodily heirs," held to create an estate tail, which Ky. Stats., section 2343, converted into a fee simple in R.; "bodily heirs" being words of limitation.

PORTER & RALSTON for appellants.

WATKINS & CARDEN and BASIL RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The question presented by this appeal is whether appellant, Helen Barrett, the only bodily heir of Rhoda Polly, deceased, is the owner and entitled to the possession of two tracts of land described in a deed of date March 28, 1892, from George W. Hunter to Rhoda Polly, wife of Isah Polly, "and her bodily heirs." The appellees, E. B. Ray and others, were defendants below, it being alleged that they were in the actual possession of the land holding and claiming it against appellants, Helen Barrett and husband. A correct interpretation or construction of the deed to which we have referred answers the question presented.

George W. Hunter was the father of Rhoda Polly; his wife was Sofia Hunter. Helen Barrett is the only child of Rhoda Polly, who died in 1909. In 1874 George W. Hunter made the first deed to his wife, Sofia, and to his daughter, Rhoda, and to Rhoda's bodily heirs to the

same two tracts of land now in controversy, but this deed having been lost and not recorded, the deed of March 28, 1892, was executed in lieu thereof, Rhoda Polly and Rhoda Polly's "bodily heirs" being named as the only grantees.

The deed under consideration contains this provision:

"Witnesseth, that whereas some time during the year 1874 the said George W. Hunter did make a deed of gift to Sofia Hunter and her daughter, Rhoda Polly, wife of Isah Polly, and to Rhoda Polly's 'bodily heirs' to two tracts or parcels of land and by some cause said deed was lost and was never recorded, now in lieu of said deed this one is this day made to Rhoda Polly as aforesaid, and her bodily heirs: Now for and in consideration of the love and affection the said George W. Hunter has for his daughter, Rhoda Polly, and the further consideration of the sum of one dollar paid, the receipt of which is hereby acknowledged, the said George W. Hunter has this day and does by these presence give, grant and convey unto the said Rhoda Polly, wife of Isah Polly, as aforesaid, two certain tracts or parcels of land." (Here follows description.)

The habendum clause reads:

"To have and to hold the above described two tracts of land to the said Rhoda Polly, wife of Isah Polly, aforesaid and her bodily heirs."

It is the contention of appellant Helen Barrett that she, being the only "bodily heir" of Rhoda Polly, takes the two tracts of land described by virtue of the deed, the terms of which we have quoted. On the other hand, it is contended by appellee Ray and his associates that the words "bodily heirs" employed in the deed were used in the sense of "heirs" and not in the sense of "children;" that if otherwise the deed created an estate tail which under our statutes, section 2343, was converted into a fee in Rhoda Polly, the appellant Helen Barrett taking nothing whatever as the heir of the body of Rhoda Polly, inasmuch as Rhoda Polly long before her death sold and conveyed the property in fee to the predecessor in title of appellee Ray, etc.

In the case of Johnson v. Johnson, 2 Metcalfe 331, may be found this pertinent statement of the law:

> "It is the settled rule, established by numerous adjudications of this court, and recognized and acted upon in several very recent cases, that the words 'heirs of the body,' 'heirs lawfully begotten of the body' and other similar expressions are appropriate words of limitation, and must be construed as creating an estate tail, which by our statute is converted into a fee simple, unless there be something else in the deed or will from which a reasonable inference can be drawn that the words were used in a sense different from their legal and technical signification."

There is absolutely nothing in the deed from Hunter to his daughter, Rhoda Polly, and her "bodily heirs" which in any way indicates that the words "bodily heirs" were used in a sense different from their legal and technical signification.

This being true, the deed created an estate tail which our statutes, section 2343, converted into a fee simple in Rhoda Polly. The rule is so well established that it is unnecessary to do more than to refer to a few of the opinions of this court, of which there are many, in support of it. Wilson v. Woodward, 190 Ky. 326; Hughes, &c. v. Collins, 197 Ky. 589; Massingale v. Parker, 193 Ky. 523; Lawson v. Todd, 129 Ky. 132; Johnson v. Johnson, 2 Metcalfe 331.

For the reasons indicated the judgment is affirmed.