## Clay, et al. v. Clay, et al.

(Decided June 24, 1927.)

(As Amended July 6, 1927.)

### Appeal from Fayette Circuit Court.

Deeds.—Where consideration for grant to daughter was paid by her mother, who was equally interested in her daughter's children, and grant to daughter was clearly limited to life estate, chancellor, in suit under the Declaratory Judgment Act (Acts 1922, c. 83), for reformation and construction of a deed, properly held that such conveyance to her for her natural life, and on her death in fee absolutely to descendants, constituted only a "life estate."

S. MONROE NICKELL for appellants.

H. M. COLLINS for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is a suit under the Declaratory Judgment Act (Acts 1922, c. 83) for the reformation and construction of a deed. The plaintiffs Robert P., Susan J., and Elizabeth P. Clay are all adults, single and without issue, and are the children and only children of defendant Mariah

H. Clay, whose husband, Chas. D. Clay, is also made a defendant.

The deed was executed on the 2d day of April, 1898, by Mrs. Susan M. Clay, mother of Chas. D. Clay, in consideration of the sum of $7,000 paid by Mrs. Elizabeth Pepper, mother of Mrs. Mariah H. Clay, as an advancement to the latter. In the stating clause Mrs. Mariah Hensley Clay, wife of Chas. D. Clay, is named as party of the second part, and the other pertinent provisions are in these words:

"Witnesseth, that in consideration of $7,000 cash in hand paid by the party of the second part to the party of the first part . . . the party of the first part does hereby grant, sell and convey unto the party of the second part the following described tract or parcel of land. . . . To have and to hold said property unto the party of the second part for and during the term of her natural life. And after the death of the party of the second part then said land is to pass and belong in fee simple absolutely to the descendants of the party of the second part to them and to their heirs and assigns forever."

In the amended petition it is alleged that it was the intention of the parties to name the children of the grantee as remaindermen, and that, by inadvertence of the draftsman and the mutual mistake of the parties, the word "descendants" was inserted in the deed; the prayer being for a reformation by substituting the word "children" for *descendants,* and to construe the deed to give Mrs. Clay a life estate with remainder in fee to the children. The allegations as to mistake are admitted in the answer; but it is contended that the word "children" was used in the sense of heirs, and though the deed should be reformed it should be construed to vest the fee in Mrs. Mariah H. Clay. The chancellor reformed the deed and construed it as claimed by plaintiffs. Defendants appeal.

(1) The grant to Mrs. Clay was clearly limited to a life estate and as the consideration was paid by Mrs. Pepper, who was equally interested in her daughter and her daughter's children, there can be no doubt that it was the intention of the parties for Mrs. Clay to take a life estate only, and the chancellor properly so held. Combs v. Fields, 211 Ky. 842, 278 S. W. 137; Preston v. Wells, 187 Ky. 417, 219 S. W. 173; Harkness v. Meade, 148 Ky. 565, 147 S. W. 10; Wilson v. Moore, 146 Ky. 679, 143 S. W.

431; Atkins .v. Baker, 112 Ky. 877, 66 S. W. 1023, 23 Ky. Law Rep. 2224; Dinger v. Lucken, 143 Ky. 850, 137 S. W. 776. And under the deed as reformed the children of Mrs. Mariah Clay take the fee in remainder. As to Mrs. Clay the same result would obtain without the reformation. As originally written, she would have taken a life estate with remainder in fee at her death to such of her descendants as were then living and capable of taking under the statute of descent and distribution (per stirpes). Smith v. Thom, 158 Ky. 656, 166 S. W. 182. Only Mrs. Mariah Clay and her husband appeal, and the single question raised is as to the character of her estate. This question can be and is decided without reference to the legality of the reformation of the deed, and without prejudice to any rights that may arise in favor of possible contingent remaindermen.

The judgment of the chancellor is upheld to the extent indicated, but no opinion is expressed as to matters not directly in issue on this appeal.

Wherefore the judgment is affirmed.

Whole court sitting.