## Lilly v. Cox.

(Decided May 22, 1928.)

### Appeal from Estill Circuit Court.

1. Adverse Possession.—In action to recover on note executed as consideration for deed of royalty interest, evidence held to sustain finding that deed tendered conveyed a good and valid title by adverse possession.

2. Deeds.—Deed to grantee and bodily heirs, "to have and to hold unto the party of the second part, her bodily heirs forever, with covenant of general warranty," held to convey a fee in accordance with Ky. Stats. sec. 2343, requiring that all deeds or wills so worded that they formerly would have been held to create entailed estates should henceforth be held to create estates in fee simple.

GRANT E. LILLY and A. R. BURNAM for appellant.

RIDDELL & SHUMATE, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

By the opinion rendered herein upon the former appeal it was determined that appellee's claim that the $1,500 note sued on herein had been procured by fraud upon the part of appellant could not be sustained. The judgment was reversed with direction that, upon the delivery to appellee of a valid deed conveying the royalty interest for which the note had been executed, judgment should go for its full amount, with interest. See Cox v. Lilly, 200 Ky. 195, 254 S. W. 759.

The former opinion is conclusive of the question whether the note was procured by fraud. Hence the chancellor properly refused to go into that question again upon the return of the case. The only question left to be determined was whether appellee, Cox, could deliver to appellant, Lilly, a valid deed; that is, a deed conveying a good title for royalty interest for which the $1,500 note was executed. Upon the resubmission of the cause, the chancellor so adjudged and entered judgment against appellant for the note sued upon, with interest and cost. The appeal is from that judgment.

Did the deed tendered to appellant convey to him a good title? This court concludes that the chancellor properly so adjudged. Appellee was unable to furnish evidence of a title of record by a devolution from a grant by the commonwealth. The evidence herein establishes conclusively, however, that, in 1883, 71 acres of the 80-acre tract of land, the royalty interest in the oil and gas in and underlying which appellant purchased from appellee, were sold at judicial sale and Josiah Kelly became the purchaser. The sale was confirmed April 4, 1884. Appellee, Cox, testified that he purchased and took an assignment of Kelly's bid, and that the writing has been destroyed. In 1884, under this purchase he took possession of the 71-acre tract, moved into a residence upon it, and thereafter resided upon it continuously in person for more than 20 years. He then lived elsewhere 6 years, but tenants of his lived upon the 71 acres during that time. He then returned to live upon it and has lived there continuously since. During all this time the tract as a whole was under fence, and he cultivated it and used it in every possible way to give notice that he claimed to own and possess it adversely to the world. The testimony of his neighbors corroborated him as to these facts in all par-

ticulars. There was no evidence to the contrary. When this 71 acres was sold Julia Ann Park, widow of the decedent whose property was being sold to settle his debts, was adjudged a dower interest in it, and her dower was assigned to her in a specific boundary. Appellee, Cox, later purchased her rights, and in any event she died many years ago. Appellee, Cox, added a small tract to his 71 acres in 1905 by purchase from Wm. Fox. The record contains the deeds constituting this chain of title back to 1882, and those claiming under it are shown to have been in the actual, adverse possession of this land during all of that long period of time. Another small tract was added by purchase from D. S. Wagers in 1906. It was shown that Wagers in person had been in actual, adverse possession of the land involved for approximately 50 years. There was no testimony tending in the least to contradict this evidence of title by adverse possession, and the chancellor properly adjudged that appellee's title was good and that he tendered to appellant a valid deed.

On March 1, 1921, appellee, Cox, and his wife conveyed the lands involved to certain of his children. The deeds reserved a life estate in the grantors. By oversight and mistake, as they testify, these deeds failed to reserve the royalty interest in the oil and gas which appellee had sold and contracted to convey to appellant. To correct this mistake the parties grantee in those deeds subsequently joined in a deed of conveyance and reconveyed to W. H. Cox the royalty interest, so that when the deed to appellant was executed appellee was the owner thereof, as he contends. Appellant insists that under the deeds to his children they took only an estate for life and their children in turn took the remainder. Hence he contends that, as only the children of appellee reconveyed to him, the fee in remainder is vested in their children and he did not acquire title of any interest save the life estate by the deed tendered to him. Quoting the pertinent parts of one of the deeds will illustrate: It was "between W. H. Cox and Mary E. Cox, his wife," of the first part, and "Stanley Cox Wilson and her bodily heirs," of the second part. The granting clause was "unto the said parties of the second part." The other relevant clause reads:

"To have and to hold . . . unto the party of the second part, her bodily heirs forever, with covenant of general warranty."

Appellant insists that under this deed Stanley Cox Wilson took only an estate for life, and her children as "her bodily heirs" took the fee in remainder. This contention cannot be sustained. The question has been so frequently presented and discussed that nothing further need be said. Stanley Cox Wilson took the fee under this deed. See Wilson v. Woodward, 190 Ky. 326, 227 S. W. 446; Williams v. Ohio Valley B. & T. Co., 205 Ky. 810, 266 S. W. 670; Barrett v. Ray, 206 Ky. 834, 268 S. W. 534; and the great number of other opinions of this court referred to therein. Yet other opinions may be found referred to in the notes appended to section 2343, Kentucky Statutes, which requires that all deeds or wills so worded that in former times they would have been held to create entailed estates shall henceforth be held to create estates in fee simple.

The former opinion is conclusive on the question of interest, and the judgment appealed from is in accord therewith.

For the reasons indicated, the judgment is affirmed.