## Combs v. Combs et al.

April 27, 1943.

Napier & Napier, Calloway W. Napier and Calloway W. Napier, Jr., for appellant.

Stephen Combs, Jr., and H. L. Moore for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves the construction of the following provisions of a deed:

"This indenture made and entered into this 7th day of July, 1903, between Jonah Ison and Pollyan Ison, his wife and J. W. Combs and Henry Combs of the County of Letcher and State of Kentucky of the first part, and Matilda E. Combs and J. W. Combs' heirs of the County of Letcher and State aforesaid of the Second part.

"Witnesseth that the parties of the first part for and in consideration of the sum of ($350.00) Three Hundred and fifty dollars to them in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, does by these presents grant, bargain, sell, remise, release, alien, and confirm unto the said party of the second part and his heirs and assigns forever, all that certain piece or parcel of land situated and being in the County of Letcher and State of Kentucky and described as follows: * * *

"Together with all and singular the hereditaments thereunto belonging or in any way appertaining: To have and To Hold the same premises as described with the appurtenances unto the said party of the second part and to his heirs, and assigns forever, and the said party of the first part, his heirs, executors and administrators does covenant, grant, bargain and agree to and with the said party of the second part, his heirs and assigns that at the time of the ensealing and delivery of these presents is well seized of the above granted premises in fee simple; that they are free from all incumbrances whatsoever; and that he will and his heirs executors and administrators shall warrant and defend the same against all lawful Claims whatsoever."

J. W. Combs, one of the grantors, was the husband of the grantee, Matilda E. Combs. J. W. Combs died in 1940, and subsequent litigation between Matilda Combs and her children and grandchildren concerning the settlement of his estate brought into question this deed. The chancellor adjudged that Matilda Combs took a life estate in the property, with remainder to the heirs of her deceased husband. Matilda Combs insists in this appeal that she should have been adjudged a fee-simple title to the property.

It is the rule of this Court in construing a deed to view the instrument as a whole to ascertain the intention

of the maker. Preston v. Wells, 187 Ky. 417, 219 S. W. 173. It has been pointed out also in numerous cases that, where a conveyance is to one and his children, the taker receives only a life estate with remainder to the children, unless it appears from the entire instrument that the grantor used the word "children" in the technical sense of the word "heirs." Where, however, the words "heirs of the body" and "bodily heirs" and similar expressions are used, they are construed to be words of limitation and not words of purchase, and estates created by such instruments are converted into fee-simple estates under KRS 381.070. But when it is clear from the instrument as a whole that such terms have been used in a sense different from their legal meaning, and in the sense of the word "children," they will be given the latter interpretation. McGinnis v. Hood, 289 Ky. 669, 159 S. W. (2d) 1018, and cases cited therein; Fairchild v. Fairchild, 237 Ky. 700, 36 S. W. (2d) 337; and Belcher v. Ramey, 173 Ky. 784, 191 S. W. 520.

With these rules before us we turn to a consideration of the deed in question. J. W. Combs wrote the deed. He was one of the joint owners of the property which, under its caption, was conveyed to Matilda E. Combs and J. W. Combs' heirs. The granting clause refers to "said party of the second part and his heirs and assigns forever," while the habendum and warranty clauses refer respectively to "the said party of the second part and to his heirs and assigns forever," and "said party of the second part, his heirs and assigns." On the back of the deed there appears the notation in Combs' handwriting:

"Jonah Ison &c
To (Deed
M. E. Combs & heirs"

Thus we are confronted with a situation where one who was a joint owner of property prepared in his own handwriting a deed which purported to convey the property to his wife and his heirs. We think the term "heirs" was used throughout the deed as referring to "children," and that it was the obvious intent of J. W. Combs to convey the property to his wife for life, with remainder to the children. Taking into consideration these significant circumstances, and the aforementioned provisions of the deed, we are constrained to the conclusion that the chancellor properly adjudged that Matilda E. Combs took only a life estate in the property.

The appellant stresses the cases of Belcher v. Ramey, supra, Fairchild v. Fairchild, supra, and Wilson v. Woodward, 190 Ky. 326, 227 S .W. 446, in urging that the judgment be reversed. An examination of the Belcher and Wilson cases will reveal circumstances materially different from those in the case at bar. In the Fairchild case the caption of the deed recited a conveyance to L. G. Fairchild and Dora Fairchild and their heirs and L. G. Fairchild's heirs. The granting, habendum and warranty clauses referred only to "their heirs and assigns." [237 Ky. 700, 36 S. W. (2d) 338]. The opinion points out that the only unusual thing about the deed was the reference to the heirs of the grantees in the caption of the deed. But in the case at bar we have not only the reference to J. W. Combs' heirs in the caption of the deed, but the aforementioned circumstances showing that J. W. Combs, one of the grantors, was conveying to his wife and his children, that he wrote the deed himself, and on its back made the notation that the conveyance was to M. E. Combs and heirs.

We think, under the circumstances, that the judgment should be and it is affirmed.