## Nunn et al. v. Wright et al.

November 12, 1946.

William J. Baird for appellants.

Hobson & Scott for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellees Wright and wife were plaintiffs below; defendants the four children of Charles and Mrs. Champ Justice Nunn, all infants under 14 years of age. The controversy involves title to a house and lot in the City of Pikeville, which along with others was in 1933 con-

veyed to Mrs. Nunn by her parents. Her title was cleared in Nunn v. Justice, 278 Ky. 811, 129 S. W. 2d 564. It appears from that opinion that at some time prior to execution of the deed to be considered here, Mrs. Nunn conveyed to her husband an undivided one-half interest in these lots.

In February 1936, Mrs. Nunn and her husband conveyed the lots to Virginia Smith, who on the same day reconveyed them to Charles and Champ Justice Nunn, both deeds conveying the fee-simple title with covenant of warranty. The first deed contained no limiting or other conditional clause. In 1939 Charles conveyed his interest in the lots to his wife without reservation. On June 10, 1942, Champ Justice and Charles Nunn, by general warranty deed conveyed what was known as the Park Street lot to the appellees for a cash consideration of $6,300, and placed them in possession which they held at the time of the suit instituted by them in March 1946.

The granting clause in the deed from Virginia Smith to the Nunns named only Charles and Champ Justice Nunn as grantees, and the habendum clause conveyed to them as second parties with covenant of warranty. The question here presented is occasioned by the insertion in the Smith to Nunn deed of a clause providing that in event of the death of the husband before that of the wife, the property conveyed should revert to and become the property of Champ Justice Nunn and "her bodily heirs."

These facts are fully set out in the petition, which sought to have their title cleared, because there was being asserted a claim on behalf of the living and unborn children of Champ Justice Nunn; that under the clause, supra, if Charles predeceased his wife, then the wife would become vested with a life estate, with remainder in fee to her living children and such as might later be born to her.

All the living children, parties defendant, were properly before the court by summons duly served upon the father and an appointed guardian ad litem. The guardian filed answer, counter-claim and cross-petition, in which he raised no issue as to the essential facts stated, but did as to the interests of the parties, contending first, that by virtue of the clause quoted, should the husband predecease the wife the whole of the property passed to

the children, with life estate in the wife and mother; but if the court should not so adjudge, then it should hold that upon the death of Charles before the wife, the property passed jointly and severally to the wife and children share and share alike.

The cross-petition, based upon these contentions, alleged that Mrs. Nunn should be made a party so that the court could determine what interest, if any, she might take under the clause in question, in case of the prior death of the husband. The appellees filed motion to strike from the pleading thereof so much as sought to have Mrs. Nunn declared to be a necessary party, on the idea that she had divested herself of all title and interest, and the court sustained the motion. The cause was then submitted on pleadings and exhibits, the chancellor adjudging that the Virginia Smith deed did not convey any interest to the children; that under their deed from Nunn and wife plaintiffs took fee-simple title.

Counsel for appellants in brief contend that under the Wright deed Charles and his wife received a defeasible fee, subject to being defeated upon his death before his wife; the children taking "what might be termed" an executory interest or limitation in the property which would ripen into absolute fee upon the death of Charles prior to the death of the wife, but subject to an estate for life in Mrs. Nunn. This argument is based on the contention that the words "her bodily heirs" are words of purchase and not of limitation. It is conceded by counsel for appellant that by the conveyance to appellees "Champ Justice Nunn has conveyed whatever interest she had, either present or future, and that these appellees step into her shoes with respect thereto." It is clear that Charles Nunn by the deed, and a former deed, and the wife by this deed, were divested of any interest they had or might have. KRS 381.070, 382.010; Vittitow v. Birk, 290 Ky. 235, 160 S. W. 2d 624.

Counsel correctly suggests that the rule of construction, as applied to deeds and wills, is that the entire document must be considered in arriving at the true intention of the maker. This rule is so well established that it needs few citations. Murphy v. Murphy, 182 Ky. 731, 207 S. W. 491; Kimbrell v. Parmer et al., 202 Ky. 686, 261 S. W. 11; Combs v. Combs, 294 Ky. 89, 171 S. W. 2d 13. Giving the rule fullest application, counsel for

appellees correctly point out that the deed contains no words which could have the effect of giving more than the technical meaning to the words "her bodily heirs." Counsel for appellant relies upon a line of opinions in which we have held the words "bodily heirs, heirs of her body," to be words of purchase rather than words of limitation. Counsel agree that "the caption, granting and habendum clauses of the deed are regular, and if nothing else were present in the deed it would have clearly vested an absolute and fee-simple title in Charles and Champ Nunn."

We have examined cases cited by counsel for appellant and observe that in each instance there were words or phrases used which led us to the conclusion that they were not used or intended to be used as words of limitation. For instance, in Ratliffe v. Ratliffe, 182 Ky. 230, 206 S. W. 478, we gave other than technical effect to the words "heirs of the body," used in a limiting clause, because the granting clause limited the estate to grantees for his lifetime, then to go to his bodily heirs or the heirs of the body, which was carried in different terms in the habendum. The Murphy case, supra, is another example where the granting clause vested a fee subject to conditions named therein, and we held that certain words were of purchase and not limitation.

On the other hand we take the case of Kinnaird v. Farmers & Merchants Bank, 249 Ky. 661, 61 S. W. 2d 291, as laying down the rule here applicable. There we had under consideration the words "and to his bodily heirs," and held that these words, without other expressions tending to throw light upon testator's contrary intention, were used as words of limitation. We quoted from Williams v. Ohio Valley Banking & Trust Co., 205 Ky. 807, 266 S. W. 670, 671. The language to be construed was "the remainder therein to the said Maria Bethel and to the heirs of her body forever." The contention was that Maria took a life estate with remainder to her children, or (as contended here) at most a joint estate in her and the children. We said: "In applying the familiar provisions of sections 2342 and 2343, KS, it has generally been held in this court that the phrases 'heirs of the body,' 'heirs lawfully begotten of the body,' and other similar expressions are appropriate words of limitation, and are to be construed as creating an estate tail, which by the statute is converted into a

fee-simple estate, unless there be something else in the deed or will from which a reasonable inference can be drawn that the words were used in a different sense from their technical and legal signification.'' To the same effect see Lilly v. Cox, 225 Ky. 355, 9 S. W. 2d 49; Kentucky Real Estate Board et al. v. Smith, 272 Ky. 313, 114 S. W. 2d 107; McGinnis v. Hood, 289 Ky. 669, 159 S. W. 2d 1018; Howard et al. v. Gross et al., 287 Ky. 415, 153 S. W. 2d 989. The cases cited by appellant may be readily distinguished from those later cited and from the case here. We may note that Section 2343 referred to above is carried verbatim in Section 381.070, KRS.

We conclude that the chancellor was correct in holding that Mrs. Nunn was not a necessary party and that appellees by their deed acquired a fee-simple estate.

Judgment affirmed.