CASE 58—PETITION ORDINARY—SEPTEMBER 26.

| 2du | 547 |
|-----|-----|
| 129 | 135 |

# True vs. Nicholls.

APPEAL FROM GRAVES CIRCUIT COURT.

A father conveyed land to his daughter "and her bodily heirs." As the deed contained nothing from which it could be inferred that the words were used in a sense different from their technical import, the grantee acquired the fee. (2 *Met.*, 331.)

JOHN RODMAN, for appellee, cited 2 *Met.*, 332; 11 *B. Mon.*, 33; 10 *B. Mon.*, 58; 14 *B. Mon.*, 144.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought on two notes executed by appellant to appellee for the purchase price of land sold by the latter to the former.

For a defense to the action, appellant alleges in his answer that appellee has no title to the land sold to him, and is unable to make him a good and sufficient title to the same, because, as he alleges, one Fletcher Sullivan, who was once the owner of said land, and through whom appellee claims, conveyed it to his daughter, Sophia H. Sullivan ("*and her bodily heirs*"); that after said conveyance was made she intermarried with

. True vs. Nicholls.

one B. F. Kemble, and, after their marriage, Kemble and wife conveyed the land to said Fletcher Sullivan, and that Kemble and wife and Sullivan have conveyed the land to appellee; that, by the conveyance to Sophia H. Sullivan, she only took a life estate in the lands, remainder to her bodily heirs; that she has departed this life, leaving one child surviving; that the subsequent conveyances of Kemble and wife to Fletcher Sullivan and to appellee were made to defeat the claim of the surviving child of Mrs. Kemble, but that they are insufficient for that purpose, and, consequently, the title is in her child.

The court below adjudged the defense insufficient, and rendered judgment on the notes, from which True has appealed.

In Johnson vs. Johnson (2 *Met.*, 331), this court said it is a well settled rule, established by numerous adjudications of this court, and recognized and acted upon in several very recent cases, that the words "*heirs of the body*," "*heirs lawfully begotten of the body*," and other similar expressions, are appropriate words of limitation, and must be construed as creating an estate tail (which, by our statute, is converted into a fee simple), unless there be something else in the *deed* or will from which a reasonable inference can be drawn that the words were used in a sense different from their legal and technical signification, and several adjudicated cases are cited as authorities to the point.

A copy of the deed from F. Sullivan to his said daughter is filed as an exhibit in the case; and we find, upon an examination thereof, that it contains nothing "from which a reasonable inference can be drawn that the words were used in a sense different from their legal and technical signification, and that the grantee therein did not take a life estate, but acquired the fee in the land by the conveyance; and, by the subsequent joint conveyances of herself and husband, she was divested of her estate in the land, and the grantees acquired a good and indefeasible title.

Wherefore, the judgment is *affirmed*.