## Edwards, et al. v. Cave, et al.

(Decided October 29, 1912.)

### Appeal from Taylor Circuit Court.

1. Appeal—Right of Review—Interest in Subject Matter.—A judgment will not be reversed on an appeal, prosecuted by parties who have no interest in the subject matter of the litigation.

2. Deeds—Construction—Fee Simple.—Where, upon consideration of a deed as a whole, there is doubt as to what estate the grantor intended to convey, it will be construed to pass to the named grantee the fee to the land therein described.

B. A. RICE for appellants.

ABEL HARDING, H. L. BEAUCHAMP for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In February, 1906, Mary H. Cave executed the following deed:

"This deed of conveyance made and entered into this 6th day of Feburary, 1906, by and between Mary H. Cave, of the county of Taylor, and State of Kentucky, of the first part and Josie E. Edwards, of the county and State aforesaid of the second part, witnesseth: That for and in consideration of the love and affection, I the party of the first part, have and entertain for the party of the second part and her children now born and to all 'children that may hereafter be born to said party of the second part, to them I hereby grant, bargain, sell, alien and convey a certain tract of land lying and being in Taylor County, Kentucky.' (Here follows description.)

"To have and to hold unto the parties of the second part, their heirs and assigns forever with covenant of general warranty, except that Marvin Rice is to have the free exclusive use of his slaughter house situated on the land described in this deed with the right of ingress and egress and the right to tear down and move said house off of said land at his option, and the right is further observed by the party of the first part to pasture her cow on the grass on said land so long as she chooses so to do and same privilege is reserved for the

said Marvin Rice, until the death of the party of the first part.

"Given under my hand, the day and date above written.

"MRS. MARY H. CAVE."

The grantee, Josie E. Edwards and her husband, D. B. Edwards, were put in possession of the property, covered by this deed. In February, 1907, Mary H. Cave, the grantor in said deed, and Josie E. Edwards filed a suit in equity against D. B. Edwards, the husband of Josie E., and Fred Lee, Mary Hayes and Annie Elizabeth, infant children of D. B. and Josie E. Edwards. In this suit, plaintiffs alleged that, for a valuable consideration, Josie E. Edwards, and her husband, D. B., had purchased the land described in the deed from M. H. Cave, the great aunt of Josie E. Edwards, who agreed to convey it to Josie E. and D. B. Edwards jointly, but that, by mistake, the deed had not been drawn to carry out their agreement. They asked that the deed be reformed so as to carry out the intention of the parties. D. B. Edwards, the husband, and father of the infant children, was served with summons for himself, and also copies for the three infants, they being under fourteen years of age. Thereafter, a guardian ad litem was appointed for the infants, proof taken, and the case submitted for judgment. Upon consideration, the chancellor was of opinion that the plaintiffs were entitled to the relief sought, and entered his judgment accordingly.

Sometime after this judgment was entered and before the children reached their majority, they sued out in this court an appeal from said judgment, and now question the validity of that judgment in two particulars. First, they say, that there was no competent evidence, upon which the chancellor could rest the judgment which he entered; and second, the infant defendants were not properly before the court.

The first question to be considered is: What interest, if any, did the infant children of Josie E. and D. B. Edwards have in the land described in this deed? For, unless they had some interest, it is immaterial to them what the judgment of the lower court was in regard thereto. Counsel for the infants insists that appellee, Josie E. Edwards, took a life estate in the property and that the remainder, in fee, passed to her children. The

deed is inartfully drawn, and it is not entirely clear just what the intention of the parties was, in the use of the language found in the deed. It will be noticed that the first recitation is, that the contract of sale is between Mary H. Cave, of the first part, and Josie E. Edwards, of the second part. This recitation is followed by a statement of the consideration for the execution of the deed. This, the grantor recites, is the love and affection "I the party of the first part have and entertain for the party of the second part and her children now born and to·all children that may hereafter be born to said party of the second part, to them I hereby grant, bargain, sell, etc." In the habendum clause, the language used is, "to have and to hold unto the parties of the second part, their heirs and assigns forever with covenant of general warranty." In the caption of the deed, Josie E. Edwards is designated as, party of the second part; whereas, in the habendum clause, reference is made to "the parties of the second part," as though there were several, or at least more than one, belonging to this class. Not only are the words "parties of the second part" used, but they are followed by the words "their heirs and assigns forever." There are other reservations in the deed: one, for the benefit of the grantor, during her life; and another, for the benefit of a stranger to the contract, during the life of the grantor. Considering the deed from any standpoint, it is not clear just what the intention of the grantor was.

In Lane v. Lane, 21 Rep., 9, a deed similar, in many respects, to that under consideration, was held to pass to the named "party of the second part," the fee, although these words, party of the second part, were followed by the words, "and his heirs after him."

In the later case of Viley v. Frankfort & Cincinnati R. Co., 21 Rep., 255, a deed, conveying land to V. and his children, was construed to give to V. a fee, and not a life estate.

In Chenault v. Chenault, 22 Rep., 122, a deed providing, "this property is sold and conveyed to second party in order that she and her infant child may enjoy and receive the benefit during second party's natural life, and that she may know that her infant child will receive said property at her death. To have and to hold the same unto the party of the second part, her heirs and assign forever," was held to convey to the mother the

fee, and gave to the infant no estate whatever in the land.

Again, in McFarland v. Hatchett, 118 Ky., 423, a deed somewhat similar was under consideration; and, while the court, in that case, held that H., named in the deed as party of the second part, took only a life estate, the reasoning of the court in so holding, renders material aid in determining the rights of the parties, under the deed in question. It was there held:

"But where there are other words in the will or deed showing that the word 'children' was used in the sense of heirs'—as where they are followed by the word 'forever,' and in other parts of the instrument the words 'children' and 'heirs' are used interchange ably, the term 'children' will be read as meaning 'heirs,' and will be construed as a word of limitation, and not of purchase. This construction is adopted only to effectuate the intention of the maker when there is enough on the face of the instrument to show that he used the word 'children' in the sense of 'heirs.' "

In that case, in the caption of the deed Sarah Hatchett alone was named as "party of the second part;" the granting clause was, to Sarah Hatchett and her children; and the habendum clause, to Sarah Hatchett and her children, with covenant of general warranty. The word "children" was not followed by the word "forever," or any other word, indicating that the grantor intended to use it in its technical sense; and it was held to be a word of purchase, and not a word of limitation. In the case at bar, in the habendum clause the words "parties of the second part" are followed by the words "their heirs and assigns forever;" thus showing that the word "children," as used by the grantor, was not intended to be treated as a word of purchase, but of limitation, or used in the sense of heirs. The habendum clause, when viewed in this light, would read, "to have and to hold unto Josie E. Edwards and her heirs, and their heirs and assigns forever;" and if the word "children," as found in this part of the deed, is treated as a word of limitation, the effect would be to create an estate tail, which the statute converts into a fee.

Now, in the habendum clause of the deed under consideration, when it speaks of "parties of the second part," it must necessarily speak of Josie E. Edwards and her children, and if this phrase was not followed by

the words "their heirs and assigns forever," it could fairly be assumed that the purpose of the grantor, in the use of this language, was to give to Josie E. Edwards and her children a joint estate in the property, which idea, however, is repugnant to both the caption and granting clause when given their fair and reasonable construction. Considered alone, the language used in the caption would justify the holding that Josie E. Edwards took the fee. There is language in the granting clause that would justify that construction which would give to Josie E. a life estate, with remainder to her children; and the language used in the habendum is susceptible of a construction that would give to the parties a joint estate. Here then, we have a case where, upon consideration of the instrument as a whole, the mind is in doubt as to what estate was intended to be conveyed, and that construction will be adopted which passes the fee. Dotson v. Kentland Coal & Coke Co., 149 Ky., 60, and authorities there cited. To our mind, this will, no doubt, more nearly effectuate the real intention of the parties than any other construction. The grantor was the great-aunt of the grantee, Josie Edwards. It was her purpose to provide her niece a home, in which she could suitably care for and rear her children. It was evidently this idea she had in mind, when she said in the granting clause of the deed, that she executed same out of consideration of the love and affection which she bore to Josie E. and the children she then had, or such as might thereafter be born to her. Her niece, Josie E., was the one whom she primarily attempted to aid, by providing her with a home. She well knew that her mother-love would impel her properly to raise and care for the children, and the construction, which we have given the deed, carries out this idea.

Judgment affirmed.