## Bimbas et al. v. Liberty Bank & Trust Company.

(Decided Mrach 14, 1930.)

DAVIS R. CASTLEMAN for appellants.

GORDON & LAURENT for appellee.

Opinion of the Court by Drury, Commissioner—Affirming.

The trial court adjudged to the Liberty Bank & Trust Company, a credit for $1,640, upon a judgment Bimbas had against it; Bimbas is dissatisfied, and has appealed; the bank is dissatisfied, and has prosecuted a cross-appeal.

In April, 1927, Bimbas sold to the bank a lease he had on certain Louisville property. The bank soon rued the making of this purchase, and sought to get out of it. Bimbas sued upon it, and recovered a judgment against the bank for $8,416.68, with interest. The bank appealed, and this court affirmed the judgment. See Liberty Bank & Trust Co. v. Bimbas, 227 Ky. 643, 13 S. W. (2d) 1001.

Bimbas assigned $4,080 of this judgment to Judge Matt. O'Doherty. The remainder, with accumulated interest, amounted to $6,160, and this Bimbas assigned to his wife, Anastasia Bimbas. Some of the creditors of Bimbas sued him, obtained orders of attachment, and had them served on the bank. Bimbas did not vacate the premises during this litigation, but remained therein from July 1, 1927, to July 1, 1928, without paying rent to any one.

After the affirmance above mentioned, the bank sued Bimbas for the use and occupation of these premises. The executor of the will of Judge O'Doherty, these attaching creditors, and Bimbas and his wife were made defendants. The bank sought a judgment allowing it credit for $6,443.52 upon the judgment Bimbas had against it. The bank paid the remainder of the judgment against it ($3,803.80) into court, and obtained an order enjoining Bimbas from enforcing his judgment until his claim it was asserting ($6,443.52) could be adjudicated.

The building leased was in bad repair, and the value of its use sharply contested. The court fixed this at $1,940, and we do not feel the evidence is sufficient to justify overturning the finding of the chancellor.

Bimbas placed great reliance upon the case of Wren v. Cooksey, 147 Ky. 825, 145 S. W. 1116, wherein the court said the reasonable rental value of the property should not be placed at a sum in excess of the interest on the purchase price. The distinction between that case and

this in that in the Wren case the property was sold; here only a lease giving the right to occupy the property was sold. Hence that case is not controlling here. Of course, interest on the investment is a matter to be considered in fixing the value of the use and occupation of property, but the investment means the value of the property, not the value of a lease upon it.

The bank had by this injunction, issued at its instance, tied up $6,443.52. It recovered only $1,940. Bimbas claimed damages on the injunction bond against the bank for tying up an excessive amount of this judgment and for attorney's fees, and the court allowed Bimbas $300 on that score. The bank complains of this, and contends nothing should have been allowed because Bimbas had assigned this judgment and there was nothing due him. Bimbas contends $300 is too little, and that he should also have been given an allowance for $250, attorney's fees. Again we do not feel justified in disturbing the finding of the chancellor.

The judgment is affirmed on both original and cross appeals.